IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **GEOFFREY W. FREEMAN,** | ) | |
| Plaintiff, | ) ) ) | |
| V. | ) ) | Civil No. **05-36-JPG** |
| **MARY WEST, et al.,** | ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

The above-captioned case is a civil rights action filed pursuant to 42 U.S.C. § 1983, by plaintiff Geoffrey W. Freeman, who is in the custody of the Illinois Department of Corrections, and who is proceeding pro se. The defendant prison officials, James Bauersachs, James Cheatham, Douglas Cravens, Roger Henry, Eugene McAdory, Roger E. Walker, Jr., and Mary West, are before the Court seeking summary judgment, based on plaintiff's failure to exhaust administrative remedies before filing suit. **(Doc. 46).** Plaintiff Geoffrey W. Freeman has filed a response **(Doc. 48)**, to which the defendants have filed a reply **(Doc. 49)**. This Report and Recommendation is respectfully submitted to United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

## Standard for Summary Judgment

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c);** *see also Celotex Corp. v. Catrett,* **477 U.S. 317, 322 (1986);** *Spath*

1

*v. Hayes Wheels Int'l-Ind., Inc.,* **211 F.3d 392, 396 (7th Cir. 2000)**. In determining the existence of a genuine issue of material fact, the Court construes all facts in the light most favorable to the non-moving party and draws all reasonable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.,* **477 U.S. 242, 255 (1986).** When addressing a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* **at 255.**

If the moving party meets its burden, the nonmoving party has the burden "to go beyond the pleadings and affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact." *Borello v. Allison,* **446 F.3d 742, 748 (7th Cir. 2006) (internal quotation marks and citations omitted);** *Celotex,* **477 U.S. at 322-326;** *Johnson v. City of Fort Wayne,* **91 F.3d 922, 931 (7th Cir.1996).** A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," **(Anderson, 477 U.S. at 247)**, or by "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* **475 U.S. 574, 586 (1986).** Rather, a genuine issue of material fact exists only if a reasonable finder of fact could return a decision for the nonmoving party based upon the record. *Anderson,* **477 U.S. at 252;** *Insolia v. Phillip Morris Inc.,* **216 F.3d 596 (7th Cir. 2000).**

With respect to whether an inmate exhausted administrative remedies, the Court, and not a jury, must resolve factual issues. *See Pavey v. Conley,* **544 F.3d 739 (7th Cir. 2008).** This Court does not perceive the need for an evidentiary hearing, as all of the relevant documentary evidence is before the Court, which must merely apply the law to those facts.

### Exhaustion of Administrative Remedies

The defendants assert that plaintiff failed to exhaust administrative remedies before filing suit, as required by 42 U.S.C. § 1997e(a). While not jurisdictional per se, exhaustion is a "precondition" to suit, regardless of the apparent futility of pursuing an administrative remedy, regardless of whether money damages are sought as a tangential remedy, and regardless of notions of judicial economy. ***Woodford v. Ngo,* 548 U.S. 81, 85; *Booth v. Churner*, 532 U.S. 731, 739 (2001)*; Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002);*Perez v. Wisconsin Department of Corrections*, 182 F.3d 532 (7th Cir. 1999).**

Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" ***Woodford,* 548 U.S. at 90 (** *quoting Pozo,* **286 F.3d at 1024)).** Proper use of the prison grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." ***Pozo,* 286 F.3d at 1025;** *Dole v. Chandler,* **438 F.3d 804, 809 (7th Cir. 2006).** Substantial compliance is insufficient. *Lewis v. Washington* **300 F.3d 829, 833-834 (7th Cir. 2002).** However, a remedy that prison officials impede a prisoner from using is "unavailable." ***Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004);** *Dole***, 438 F.3d at 811-812.**

The Illinois Administrative Code requires grievances to include "factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint." **20 Ill. Admin. Code 540.810(b).** The grievance process available to Illinois prison inmates includes several levels of review. Typically, the prisoner first submits the grievance to a counselor. If the prisoner is not satisfied with the counselor's resolution, he may then submit a formal grievance

3

to the prison's grievance officer. The grievance must be filed within sixty days. **20 Ill. Admin. Code 540.810.** The grievance officer then reviews the grievance and forwards a recommendation to the warden. **20 Ill. Admin. Code 540.830.** The warden makes the final decision at the institutional level; if the prisoner is not satisfied with the warden's response, he may appeal to the Director. **20 Ill. Admin. Code 540.850.** The Director refers the matter to the Administrative Review Board (ARB), which submits its recommendation to the Director, who issues the final decision. *Id.* Grievances may be submitted directly to the Administrative Review Board when the grievance pertains to disciplinary proceedings at a facility other than where the inmate is currently assigned, which is the situation plaintiff Freeman was in. **20 Ill. Admin. Code 540.870(a)(3);** *see also* **Doc. 46-2, p. 2.**

## Undisputed Facts

Plaintiff filed this civil rights action on January 19, 2005. **(Doc. 1).** At this juncture, only Count 1 of plaintiff's civil rights action remains. Count 1 alleges that defendants West, Bauersachs, McAdory, Cheatham, Walker, Henry and Cravens retaliated against plaintiff for filing an earlier suit against defendants West and Bauersachs. **(*See* Docs. 1 and 12).** Although plaintiff details multiple retaliatory actions as far back as 2002, this action appears limited to the issuance of 35 disciplinary tickets on January 15, 2004, and the resulting disciplinary convictions and punishment. Plaintiff contends that 20 Ill. Adm. Code § 504, App. A., § 211 (prohibiting the possession or solicitation of unauthorized "personal information" regarding another offender, releasee, employer or former employee of the Department of Corrections) is being improperly used as the basis for prohibiting plaintiff from possessing an array of public documents, such as briefs and court orders, which plaintiff claims he needs to litigate his own cases. **(Doc. 1; Doc.**

4

**12; Doc. 48, p. 2).**

On February 10, 2004, plaintiff filed a grievance directly with the Administrative Review Board addressing alleged retaliation in connection with the 35 disciplinary reports issued on January 15, 2004 that are at issue in this case, and the alleged misapplication of 20 Ill. Adm. Code § 504, App. A., § 211 . **(Doc. 48, pp. 10-15).** On March 8, 2004, plaintiff sent the Administrative Review Board a "Supplement to Grievance Filed: 2/10/04," regarding falsifying records. **(Doc. 48, pp. 16-17).** The defendants now concede that the original grievance and the supplemental grievances pertained to defendants Bauersachs, Cheatham, McAdory, Henry and West. **(Doc. 49, p. 1, ¶ 1; Doc. 49-2, p. 1, ¶ 3 (affidavit of Terri Anderson)).** The grievances do not mention defendants Walker or Cravens by name. **(Doc. 48, pp. 10-17;** *see also* **Doc. 49-2, p. 1 (affidavit of Terri Anderson)).** Although the grievances do reference the Adjustment Committee[1], according to the complaint (and not disputed by the defendants) defendant Walker is the Director of the Illinois Department of Corrections, and defendant Cravens is a member of the Administrative Review Board. **(Doc. 1-3, p. 3).**

On March 16, 2004, the Administrative Review Board, by and through defendant Cravens and with defendant Walker's approval, responded to plaintiff's grievance received by the Board on March 11, 2004. **(Doc. 48, p. 18).** On March 23, 2004, plaintiff wrote to defendant Cravens, explaining that the March 16, 2004, ruling only referenced the March supplement and *not* the original February grievance. **(Doc. 48, pp. 19-21).** On May 25, 2004, the Administrative

---

[1]The Administrative Review Board is referenced three times in the initial grievance. The first instance is with respect to the grievance being submitted directly to the Board in accordance with 20 Ill. Admin. Code 540.870(a)(3). **(Doc. 48, p. 10).** The second and third instances occur in an explanation of how the Administrative Review Board will have to interpret Rule 211, because the rule refers only to "personal information," not "legal documents." **(Doc. 48, p. 13).**

Review Board, by and through Brian Fairchild, returned plaintiff's letter, indicating that the Board had addressed the issue on March 16, 2004. **(Doc. 48, p. 22).** The affidavit of Terri Anderson, an Administrative Review Board member and record keeper, confirms that on March 16, 2004, the Board "addressed the issues raised in the February 10, 2004 and March 8, 2004 grievances," just as Mr. Fairchild had indicated. **(Doc. 49-2, p. 1, ¶ 3).**

**Proposed Findings Regarding Contested Facts
and Conclusions of Law**

In their response to the subject motion and subsequent reply the defendants suggest that questions remain regarding whether plaintiff properly appealed the Board's denial of the grievances pertaining to defendants Bauersachs, Cheatham, McAdory, Henry and West. **(Doc. 46, p. 3; Doc. 46-2, p.3 (affidavit of Melody Ford); Doc. 49, p. 2).** However, the affidavit of Melody Ford, an Administrative Review Board member and record keeper, indicates the Administrative Review Board sends its report to the Director for review, and the Director makes the "final" decision, which is sent to the inmate. **(Doc. 46-2, p. 2, ¶ 3).** And, the affidavit of Terri Anderson, an Administrative Review Board member and record keeper, confirms that on March 16, 2004, the Board "addressed the issues raised in the February 10, 2004 and March 8, 2004 grievances," just as Mr. Fairchild had indicated. **(Doc. 49-2, p. 1, ¶ 3).** The defendants do not suggest any other required steps for plaintiff to take, therefore, this Court easily finds that plaintiff completed the entire administrative process, in accordance with the prescribed procedures. Furthermore, Mr. Fairchild's letter to plaintiff would otherwise constitute misdirection that would render administrative remedies unavailable. ***Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004); *Dole v. Chandler*, 438 F.3d 804, 811-812 (7th Cir. 2006).** Therefore,

plaintiff has exhausted administrative remedies relative to defendants Bauersachs, Cheatham, McAdory, Henry and West, and the motion for summary judgment must be denied with respect to those five defendants.

Plaintiff offers no arguments specific to defendants Cravens and Walker, who clearly are not the subject of his February grievance or March supplement thereto. However, citing *Smith v. Digmon*, 434 U.S. 332, 333-334 (1978), and *Castillo v. Peoples*, 489 U.S. 346, 350 (1989), plaintiff generally argues that he has fairly presented the issues in this case to the Administrative Review Board and Director so as to constitute exhaustion of the grievance process. (***See* Doc. 48, p. 8).** Plaintiff's argument is fatally flawed in two respects. First, *Smith v. Digmon* and *Castillo v. Peoples* were both cases regarding petitions for writ of habeas corpus under 28 U.S.C. § 2254 and the included exhaustion requirement, whereas this action is filed pursuant to 42 U.S.C. § 1983 and the exhaustion requirements set forth in 42 U.S.C. § 1997e(a). Second, even if those cases were applicable, neither the February grievance, nor the March supplement thereto, mentioned defendants Cravens and Walker or their alleged role in the unconstitutional behavior, so plaintiff cannot satisfy the "fair presentment" principles underlying *Smith v. Digmon* and *Castillo v. Peoples.* Plaintiff fails to appreciate that merely presenting his grievances to Cravens and Walker is not the same as filing a grievance specifically about their behavior, it does not even meet the relatively low threshold requirement that the grievance alert prison officials to the nature of the wrong. ***See Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002).** Therefore, this Court finds that plaintiff has failed to exhaust administrative grievances relative to defendants Cravens and Walker; therefore, their motion for summary judgment should be granted and the claims against them should be dismissed without prejudice.

**Recommendation**

For the aforestated reasons, it is this Court's recommendation that defendants James Bauersachs, James Cheatham, Douglas Cravens, Roger Henry, Eugene McAdory, Roger E. Walker, Jr., and Mary West's motion for summary judgment **(Doc. 46)** be granted in part and denied in part. More specifically, the motion should be granted as to defendants Douglas Cravens and Roger E. Walker, Jr., and they should be dismissed without prejudice. The motion should be denied relative to defendants James Bauersachs, James Cheatham, Roger Henry, Eugene McAdory and Mary West, and the claims against them in Count 1 should proceed.

**DATED: February 17, 2009**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

**Notice of Response Deadline**

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **March 6, 2009**. No extensions of time will be granted.